UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DERRICK NORBERT MORRIS,

           Plaintiff(s),

STANDARD & POOR'S CREDIT RATING
SERVICES, a subsidiary of Moody's Corporation;
FITCH RATINGS, a subsidiary of Fitch Group Inc.,
and Fimalac, S.A.; and MOODY'S INVESTORS
SERVICES, INC., a subsidiary of Moody's
Corporation; and CHINA,

           Defendant(s).

Civil No. 11-1778 (DRD)

ANTITRUST AND CONSPIRACY

**AMENDED ORDER NUNC PRO TUNC**

Pending before the Court are several motions filed by *pro se* plaintiff Derrick Norbert Morris, to wit:

(a) *Application To Proceed In District Court Without Prepaying Fees Or Costs*, Docket No. 1; (b) *Complaint*,

Docket No. 2; and (c) *Motion For Temporary Injunction* [sic] a Restraining Order, Docket No. 3.  For the

reasons set forth below, the application to proceed in *forma pauperis* is denied, and the motion for temporary

restraining order is denied.

A review of plaintiff's request to proceed in *forma pauperis* is denied for lack of sufficient

information.[1]  Plaintiff's application shows that Mr. Morris has a business, a profession and is self-employed.

Yet his income is $75 weekly, and he has a mobile phone account with Verizon.  No information or

supporting evidence is provided regarding Mr. Morris' business and personal income.

Plaintiff is suing the three main rating agencies, Standard & Poor's; Fitch, and Moody's, as well as

China, for the downgrade of the bonds and other investments of the United States of America.  The Court

notes that the plaintiff has failed to serve the defendants with a copy of the instant complaint, as well as the

motion requesting a temporary restraining order without notice.

---

[1]      The Court notes that this is not the first time that Mr. Morris has been denied a petition to proceed in *forma pauperis*.  *See In Re Derrick Norbert Morris*, 549 U.S. 1203 (2007).  *See also Morris v. Rinker*, 2005 WL 1027485; 2005 U.S. Dist. LEXIS 33919 (M.D.Florida (April 14, 2005)).

In view of the foregoing, plaintiff is hereby ORDERED to comply with service of process, and serve summons upon the defendants, pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Summons shall be served with copies of the complaint and the motion requesting a temporary restraining order.

The request for the issuance of a temporary restraining order without notice to the defendants is denied, as a review of the complaint shows that this is an action for money damages.  The allegations of the complaint as pled, lack sufficient facts to warrant an injunctive relief.  Plaintiff's claims also fail to meet the requirements that may justify an equitable relief against the defendants without notice.  Rule 65(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.") governs the injunction procedures.

Rule 65(b) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or his attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. [2]

In considering a request for a preliminary injunction, a trial court must weigh several factors: (1) the likelihood of success on the merits; (2) the potential for irreparable harm to the movant; (3) the balance of the movant's hardship if relief is denied versus the nonmovant's hardship if relief is granted; and, (4) the effect of the decision on the public interest. *See Lamex Foods, Inc. v. Audeliz Lebron Corp*., ___ F.3d ___, 2011 WL 2535168 (1st Cir. (Puerto Rico) (June 27, 2011)); *Voice of the Arab World, Inc. v. MDTV Medical News Now, Inc.*, 645 F.3d 26 (1st Cir. 2011); *Ross-Simons of Wardwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996); *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991).  Likelihood of success is the **touchstone** of the preliminary injunction inquiry.  *See Ross-Simons*, 102 F.3d at 16; *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993).

---

[2]     In the instant case, plaintiff failed to set forth in writing, the efforts made, if any, to notify the defendants herein of the filing of this actions, as provided by Fed.R.Civ.P.65(b)(1)(B), particularly of the request for the issuance of a temporary restraining order.

In the instant case, plaintiff have failed to show that he has any likelihood of success in this action, and that there is a potential of irreparable harm to plaintiff if the temporary restraining order is not issued. Furthermore, the facts as pled in the complaint are conclusory in nature, and fail to meet the threshold of the plausibility standard, that is, the facts pled in the complaint are not context specific - possible v. plausible. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S.Ct. 952, 163 L.Ed.2d 868 (2009).  Lastly, plaintiff failed to describe specifically what exactly is his economic loss, both personally and businesslike, as any economic loss can be repaired monetarily.

The Clerk will notify a copy of this *Order* to plaintiff by certified mail return receipt requested, and will also provide a copy of Form No. AO 239.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of August, 2011.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE